C. ISLEY v. ROWENA BOONE et al.

*Action to Recover Land—Trial—Parol Evidence—Lost Records.*

1. Parol evidence of lost records is admissible.
2. The testimony of the attorney who drew the decrees of sale and of confirmation in proceedings for the sale of lands for assets was admissible in the trial of an action to recover the land, to show that such decrees were regularly drawn and signed by the Clerk before the acts authorized thereby were performed.
3. In the trial of an action to recover land, the record of proceedings for the allotment of dower was admissible for the purpose of showing that the continued occupancy of the land by the widow and her daughter, the defendant, who lived with her, was permissive and not adverse.

CIVIL ACTION, tried before *Hoke, J.,* and a jury, at July, 1894, Special Term of ALAMANCE Superior Court.

The action was to recover a tract of land which was formerly the property of Samuel Adams, deceased. Plaintiff claimed under a purchase at a sale by administrator of Samuel Adams to make assets, and the defendant Rowena Boone, being in possession of the land, claimed to own the same as one of the children and heirs at law of Samuel Adams. Defendant Calvin Boone was a child of Rowena Boone, who lived with his mother, and set up no claim to the land. Plaintiff derived his title by and under special proceeding from the administrator, John Ireland, deceased, bearing date prior to the commencement of this suit, and to which deed and special proceedings no objection was made and no defects alleged or specified. John Ireland had bought land at a sale under decree of Court by E. S. Parker, administrator of Samuel Adams, to which proceeding Rowena Boone was a party, and the deed conveyed land subject to dower of the widow of Samuel Adams. It was admitted that Mrs. Adams, the widow, had died before the suit was brought, that defendant, Mrs. Rowena Boone, was occupying that part of the land which had been allotted to Mrs. Adams as dower under the proceedings heretofore referred to.

Plaintiff offered in evidence the special proceedings under which E. S. Parker, administrator, professed to sell the land, and such proceedings were defective, in that there was no decree among the papers, either of sale or of confirmation. The summons bore date in 1875, and the sale was in 1880 or 1881. There was read a verified petition and entries, but no decrees. To supply the defect the plaintiff offered as witnesses the three successive Clerks, including the present Clerk, and others, to show that due search had been made and that the decree could not be found. The plaintiff offered the administrator, E. S. Parker, who testified that both of these decrees had been properly and regularly drawn and

signed by the Clerk. The decree for sale before same was had, and the decree for confirmation before deed was made, were both drawn by himself, and he recollected distinctly their being so drawn, and that they were signed by the Clerk. He stated that he could not give the exact language of these decrees, except by saying that he drew quite a number of such decrees, and could swear that these were drawn in the customary and usual form.

Defendant objected to the witness speaking of the contents of these decrees, since he had stated that he could not give the language. In answer to a question by the Court, witness stated that while he could not give the exact language of the decrees, he could state, of his own knowledge and memory, that these decrees conferred on him the power to sell the lands as administrator to make assets to pay debts of Samuel Adams, and that the Clerk confirmed said sale. Defendant insisted on these objections, both to questions of plaintiff's counsel and to the question (and answer thereto) asked by the Court. The objections were overruled, and defendant excepted.

Plaintiff further offered in evidence a petition in special proceedings by the heirs of John Ireland, praying an allotment of dower to the widow of Samuel Adams and the allotment of dower then made to her. Defendant's objection to this testimony was overruled, and exception was taken. This was offered chiefly to show that the continued occupation of the land by Mrs. Adams and her daughter Rowena, who had lived with her on the dower, was permissive and not adverse. It became immaterial, in the view taken by the Court, that in no event could the statute of limitations avail the defendants, because they had shown no color of title for their occupation.

There was a verdict for plaintiff, and from the judgment thereon defendants appealed.

*Messrs. L. M. Scott, C. E. McLean* and *J. E. Boyd,* for plaintiff.

*Messrs. J. W. Hinsdale* and *John Gatling,* for defendant (appellant).

PER CURIAM: Parol evidence of the contents of the lost record was admissible (see this case reported in 109 N. C., 555), and upon due consideration we think that Mr. Parker's testimony, under the peculiar circumstances, was properly received. We are also of the opinion that the defendant was not prejudiced by the introduction of the proceedings for dower. Upon the whole record, we see nothing that warrants a new trial.                        Affirmed.